SILLS CUMMIS & GROSS P.C.
One Riverfront Plaza
Newark, New Jersey 07102-5400
Telephone (973) 643-7000
Facsimile (973) 643-6500
Attorneys for Plaintiff
C&A MARKETING, INC.

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| C&A MARKETING, INC., a New Jersey corporation,<br><br>Plaintiff,<br><br>v.<br><br>GOPRO, INC., a Delaware corporation,<br><br>Defendant. | Case No.<br><br>**COMPLAINT FOR PATENT INFRINGEMENT AND REQUEST FOR INJUNCTIVE RELIEF**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff C&A Marketing, Inc. ("C&A Marketing") complains and alleges as follows against Defendant GoPro, Inc. ("GoPro"). C&A Marketing's principal place of business is 2 Bergen Turnpike, Ridgefield Park, New Jersey, 07660. On information and belief, GoPro's principal place of business is 3000 Clearview Way, San Mateo, California, 94402.

THE NATURE OF THE ACTION

1. C&A Marketing brings this action to recover damages and obtain injunctive and other relief arising from GoPro's infringement of a C&A Marketing design patent. C&A Marketing is the manufacturer, distributor, and marketer of Polaroid® brand photography equipment and accessories through a long-term licensing agreement. In January 2014, C&A Marketing launched the Polaroid Cube, a point of view (POV) camera with a uniquely compact footprint and distinctive cube shape. C&A Marketing protected its innovative design through a

design patent issued by the United States Patent and Trademark Office and owns all right, title, and interest in and to U.S. Patent No. D730,423 (the "D'423 patent"). In July 2015, GoPro launched the GoPro Hero4 Session, which both the public and industry observers immediately noticed was strikingly similar to the Polaroid Cube, and which infringes the design protected by the D'423 patent. By this action, C&A Marketing seeks to stop GoPro's unlawful conduct and obtain compensation for the violations that have occurred thus far.

## THE PARTIES

2. Plaintiff C&A Marketing is a New Jersey corporation with its principal place of business in Ridgefield Park, New Jersey.

3. Defendant GoPro is a Delaware corporation with its principal place of business in San Mateo, California.

## JURISDICTION

4. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and § 1338(a) (patents).

5. This Court has personal jurisdiction over GoPro because GoPro has committed and continues to commit acts of infringement in violation of 35 U.S.C. § 271 and, on information and belief, places infringing products into the stream of commerce with the knowledge or understanding that such products are sold in the State of New Jersey. On information and belief, GoPro does extensive business with persons in this District. GoPro has also caused injury to C&A Marketing within this District.

## VENUE

6. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and 1400(b) in that GoPro is subject to personal jurisdiction in this District. In addition, venue is proper because C&A Marketing's principal place of business is in this district and C&A Marketing suffered harm in this district. Moreover, a substantial part of the events giving rise to the claim occurred in this district.

## BACKGROUND FACTS

7. C&A Marketing is a leading national and international manufacturer and retailer in all segments of the consumer electronics photography and imaging industries including research and development, manufacturing, distribution, and retail.  Each of the company's principals has been active in the industry for over a quarter of a century.  Through an exclusive long term license agreement, C&A Marketing is the exclusive manufacturer, distributor, and marketer of Polaroid® brand mountable action cameras.

8. The Polaroid® brand is one of the most recognized names in the world, once described by The Boston Globe as a "juggernaut of innovation."  Founded by Dr. Edwin Land in 1937, the company and brand were initially associated with products employing the patented polarization invented by the founder—in particular the now ubiquitous polarized sunglasses.  Over the years, the public came to associate Polaroid® with instant cameras, which allowed consumers to enjoy their pictures and share their memories in under a minute rather than wait hours or days for a photo-processor to develop and print from film.  The brand has also become synonymous with ease of use, sharing memories, and the gratification that results from the brand's "instant experience."  Because of this, and the extensive efforts and investment of C&A Marketing, the brand is experiencing a global resurgence and connecting with a new generation of consumer.

9. In January 2013, C&A Marketing engaged and partnered with Ammunition, LLC ("Ammunition"), a California-based design studio, to design a new kind of point-of-view (POV), mountable and wearable action camera.  Ammunition, founded by Apple's former design chief Robert Brunner, is responsible for industrial designs ranging from Beats® headphones to the Square® stand that transforms an iPad into a point-of-sale device.  In August 2014, Ammunition won best in show at the 2014 Industrial Design Society of America (IDSA) awards.  *Fast Company* magazine named Ammunition #1 in its list of "The World's Top 10 Most Innovative Companies of 2015 in Design."

10. Industrial design was a guiding factor in the new POV camera's development from the project's inception. Ammunition worked iteratively with C&A Marketing and manufacturing vendors to keep the focus on design. Early prototypes, for example, came back to Ammunition from manufacturing with a more elongated shape than the designer envisioned in order to accommodate the battery. Ammunition and C&A Marketing rejected the compromise, and in response split the battery into two pieces in order to make the product conform with the designer's vision of what was to become an iconic cubic camera.

11. In early January 2014, C&A Marketing unveiled the results of the design efforts, called the Polaroid Cube (pictured below), at the Consumer Electronics Show (CES 2014) in Las Vegas, Nevada. The new Polaroid Cube was designed to become a part of consumers' day-to-day lives, allowing them to capture "of the moment" memories. It is weatherproof, shockproof, mountable, and rugged, all in a compact, distinctive and fun footprint. The interface has a multi-function button on top that controls power on & off (via long press), captures still images (with a single click), and starts/stops video recording (with a double click). Due to its solid construction and design, a Gizmodo reviewer noted, "It's something a kid could go nuts with, without a parent worrying that the delicate equipment might get busted."



12. Reviews lauded the new product and its design. On January 6, 2014, during CES 2014, The Verge referred to the product as "adorable." *Fast Company* called the product "show-

stopping." CNET referred to the Cube as "eye-catching," with the headline, "hands-free video in an ultrasmall package." PCMag found its video quality "comparable to that of current action cams costing twice its price and more." It gave the Cube an "Excellent" rating, with the sum-up, "The Polaroid Cube is tiny, cute, simple to use, and produces surprisingly good video." SlashGear reported, "The Polaroid Cube renewed my interest in the Polaroid brand and provided me a reason to break out my skateboard . . . . Is the Polaroid Cube worth the cash? Absolutely." Digital Trends described the Cube as an "easy-to-use action cam" that gives "a novel way to shoot from new perspectives." In a review that focused closely on the design, Gizmodo referred to the "tiny, adorable camera," stating, "Polaroid commissioned San Francisco-based studio Ammunition to oversee the entire design, and it shows . . . . [T]he company is well-familiar with making distinctive products with mass-market appeal. They've proven they know how to make something that people not only want to use, but want to be seen using."

13. C&A Marketing protected its innovative design through a design patent issued by the United States Patent and Trademark Office, filed just prior to the Cube's unveiling at CES 2014. C&A Marketing owns all right, title, and interest in and to the D'423 patent. The figure on the face of the D'423 patent is below.



14. Not long after the Cube's unveiling, in July 2015, GoPro publicly launched the GoPro Hero4 Session, a cube-shaped action camera, pictured below.



15. On information and belief, the GoPro Hero4 Session is GoPro's first cube-shaped product. The immediate predecessor to this product (the GoPro Hero4) and the version that was on sale the previous year, (the GoPro Hero3+) are pictured below. These models share a design theme common to all predecessor GoPro cameras back to the original GoPro HERO 35mm, originally launched in 2005. They are not cube-shaped.




16. Observers immediately noticed the similarities between the new GoPro Hero4 Session and the Polaroid Cube. The Motley Fool reported: "At first glance, the Hero 4 Session looks like a copy of the Polaroid Cube, a $100 camera which turned heads with its cute form factor and retro design aesthetics. . . . [I]ts tiny form factor apparently convinced GoPro to create the Hero 4 Session." Slashgear wrote that the Hero4 Session was "akin to the new Polaroid

Cube+, complete with one form factor you'd easily mistake for the other," and that "it looks very, very similar in size to the Cube+."  Digital Photography Review similarly noted, "[T]his new camera looks just like the Polaroid Cube[.]"

17.     Consumers noticed the similarities between GoPro's Hero4 Session and the Polaroid Cube as well, expressing that opinion in comments on Internet reviews and videos.  One consumer uploaded a video entitled, "GoPro Hero4 Session:  Copying the Polaroid Cube?!"  Other comments include, "Poo[r] Polaroid . . . Their little Polaroid cube . . . definitely looked interesting.  And here comes go pro [sic] blatantly copying them off"; "Looks/seems identical to the Polaroid CUBE"; and "So it's a copy of the Polaroid Cube?"

18.     A side-by-side comparison of the GoPro Hero4 Session and the corresponding figure from the D'423 patent is below.



**FIRST CAUSE OF ACTION**

(Infringement of U.S. Patent No. D730,423)

19.     C&A Marketing incorporates by reference the allegations contained in paragraphs 1-18 above.

20. C&A Marketing is the owner of all right, title, and interest in and to the D'423 patent, issued on May 26, 2015, and entitled "Cubic Action Camera." The D'423 patent is attached as Exhibit A.

21. On information and belief, GoPro has infringed and continues to infringe the D'423 patent by using, selling and/or offering to sell in the United States, and/or importing into the United States, the Hero4 Session discussed in this Complaint, which embodies the design covered by the D'423 design patent. GoPro's infringing activities violate 35 U.S.C. § 271.

22. GoPro's infringement is without the consent or other authority of C&A Marketing. GoPro is not licensed under the D'423 patent.

23. C&A Marketing has been damaged by GoPro's acts in an amount as yet unknown. C&A Marketing has no adequate legal remedy. Unless enjoined by this Court, GoPro's continued acts of infringement will cause C&A Marketing substantial and irreparable harm. Under 35 U.S.C. § 283, C&A Marketing is entitled to an injunction barring GoPro from further infringement of the D'423 patent.

## PRAYER FOR RELIEF

WHEREFORE, C&A Marketing prays for relief, as follows:

1. A judgment that GoPro has infringed the D'423 patent;

2. An order and judgment preliminarily and permanently enjoining GoPro and its officers, directors, agents, servants, employees, and all others acting in privity or in concert with them, and their parents, subsidiaries, divisions, successors and assigns, from further acts of infringement of the D'423 patent;

3. A judgment awarding C&A Marketing all damages adequate to compensate for GoPro's infringement of the D'423 patent, and in no event less than a reasonable royalty for GoPro's acts of infringement, including all pre-judgment and post-judgment interest at the maximum rate permitted by law;

4. An order awarding C&A Marketing all of GoPro's profits from sales of infringing products, pursuant to 35 U.S.C. § 289, together with prejudgment and post-judgment interest;

5. Actual damages suffered by C&A Marketing as a result of GoPro's unlawful conduct, in an amount to be proven at trial, together with prejudgment and post-judgment interest;

6. Costs of suit and reasonable attorneys' fees; and

7. Any other remedy to which C&A Marketing may be entitled.

Dated: November 3, 2015             SILLS CUMMIS & GROSS P.C.


                                    By:   s/Mark S. Olinsky
                                          MARK S. OLINSKY
                                          One Riverfront Plaza
                                          Newark, New Jersey 07102-5400
                                          (973) 643-7000
                                          Attorneys for Plaintiff
                                          C&A MARKETING, INC.


**OF COUNSEL:**

MICHAEL A. JACOBS
NATHAN B. SABRI
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, C&A Marketing demands a trial by jury as to all issues so triable in this action.

Dated: November 3, 2015

SILLS CUMMIS & GROSS P.C.

By:   s/Mark S. Olinsky
      MARK S. OLINSKY
      One Riverfront Plaza
      Newark, New Jersey 07102-5400
      (973) 643-7000
      Attorneys for Plaintiff
      C&A MARKETING, INC.

## LOCAL CIVIL RULE 11.2 CERTIFICATION

    I, counsel of record for plaintiff in the above-referenced matter, hereby certify that the matter in controversy is not the subject of any other action pending in any court, or any pending arbitration or administrative proceeding.

    I certify under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Dated: November 3, 2015

SILLS CUMMIS & GROSS P.C.

By:   s/Mark S. Olinsky
      MARK S. OLINSKY
      One Riverfront Plaza
      Newark, New Jersey 07102-5400
      (973) 643-7000
      Attorneys for Plaintiff
      C&A MARKETING, INC.

**CERTIFICATION OF NONARBITRABILITY
PURSUANT TO LOCAL RULE 201.1(d)**

I, counsel of record for plaintiff in the above-referenced matter, hereby certify that the relief requested in this matter includes non-monetary relief, and the damages potentially recoverable in this matter exceed the sum of $150,000, exclusive of interest and costs and of any claim for punitive damages. Accordingly, Local Rule 201.1(d) does not apply to this matter.

I certify under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Dated: November 3, 2015

SILLS CUMMIS & GROSS P.C.

By: s/Mark S. Olinsky
    MARK S. OLINSKY
    One Riverfront Plaza
    Newark, New Jersey 07102-5400
    (973) 643-7000
    Attorneys for Plaintiff
    C&A MARKETING, INC.