[NOT FOR PUBLICATION]                                      [Dkt. No. 27]

                    UNITED STATES DISTRICT COURT
                      DISTRICT OF NEW JERSEY

C&A MARKETING, INC.,              :
                                  :
          Plaintiff,              :    Civ. No. 15-7854 (RMB/JS)
                                  :
     v.                           :
                                  :          **OPINION**
GOPRO, INC.,                      :
                                  :
          Defendant.              :
_____:


**APPEARANCES**:

Mark S. Olinsky, Esquire
Sills Cummis & Gross PC
The Legal Center
One Riverfront Plaza
Newark, New Jersey 07102-5400

     Counsel for Plaintiff

Frederick L. Whitmer, Esquire
Kilpatrick Townsend & Stockton LLP
1114 Avenue Of The Americas, 21st Floor
New York, New York 10036

     Counsel for Defendant

**BUMB**, United States District Judge:

     This matter is before the Court on Defendant GoPro, Inc.'s

("GoPro") Motion for Partial Judgment on the Pleadings pursuant

to Federal Rule of Civil Procedure 12(c).[1]  Plaintiff C&A Marketing, Inc. ("C&A") opposes the motion.

In 2014, C&A, the exclusive manufacturer, distributor and marketer of Polaroid® brand mountable action cameras, launched the Polaroid Cube.  C&A obtained a design patent for the Polaroid Cube, U.S. Patent No. D730,423 (the "'423 Patent").  In July 2015, GoPro, a producer of capture devices such as mountable and wearable cameras, launched its GoPro HERO4 Session, a cubic-shaped camera.

On November 11, 2015, C&A filed a Complaint for design patent infringement, contending that GoPro's HERO4 Session Camera infringes the '423 Patent. [Dkt. No. 1]  On December 15, 2015, GoPro filed an Answer and Counterclaim [Dkt. No. 8].  GoPro now moves for judgment on the pleadings.

Federal Rule of Civil Procedure 12(c) permits a party to move for judgment on the pleadings "[a]fter the pleadings are closed -- but early enough not to delay trial[.]"  Judgment on the pleadings is appropriate where the moving party shows that there is no material issue of fact to resolve and it is entitled to judgment as a matter of law.  See Rosenau v. Unifund Corp., 539 F.3d 218, 221 (3d Cir. 2008).

---

[1] The Court presumes GoPro seeks "Partial Judgment" because the motion, even resolved in GoPro's favor, leaves the counterclaim undecided.

2

Generally speaking, GoPro avers that judgment on the pleadings is appropriate because the camera figure of the '423 Patent and the accused HERO4 Session Camera are not "substantially the same" to the "ordinary observer."  The Court disagrees.

While it is true that in some cases the claimed design and the accused design are sufficiently distinct that a finding of non-infringement from the pleadings alone is appropriate, this case is not one of them.  A comparison of the Polaroid Cube and the HERO4 session Camera demonstrates that they are not plainly dissimilar.  Thus, when "the claimed and accused designs are not plainly dissimilar, resolution of the question whether the ordinary observer would consider the two designs to be substantially the same will benefit from a comparison of the claimed and accused designs with the prior art." <u>Egyptian Goddess, Inc. v. Swisa, Inc.</u>, 543 F.3d 665, 678 (Fed. Cir. 2008).  Moreover, unless it is so obvious on the face of the pleadings that there is no infringement, <u>see</u>, <u>e.g.</u>, <u>Anderson v. Kimberly-Clark Corporation</u>, 570 Fed. App. 927, 933 (Fed. Cir. 2014)("'most striking' difference" and "differences are markedly apparent"), this Court should have the benefit of an evidentiary record which includes an actual inspection of the devices at issue.  Indeed, it is difficult to understand how this Court, applying the "ordinary observer" standard, could enter judgment

3

on the pleadings when C&A has alleged confusion by consumers, who are, also, ordinary observers.  <u>See</u>, <u>e.g.</u>, Complt. ¶¶ 16-17.

Accordingly, for the above reasons, GoPro's motion is DENIED.

<pre>
                          s/Renée Marie Bumb
                          RENÉE MARIE BUMB
                          United States District Judge
</pre>

Dated: April 25, 2016