# Sills Cummis & Gross
A Professional Corporation

The Legal Center
One Riverfront Plaza
Newark, New Jersey 07102
Tel: (973) 643-7000
Fax (973) 643-6500

101 Park Avenue
28th Floor
New York, NY 10178
Tel: (212) 643-7000
Fax: (212) 643-6500

**Mark S. Olinsky**
Member
Direct Dial: 973-643-5402
Email: molinsky@sillscummis.com

600 College Road East
Princeton, NJ 08540
Tel: (609) 227-4600
Fax: (609) 227-4646

April 21, 2017

<u>Via ECF</u>
The Honorable Joel M. Schneider, U.S.M.J.
United States District Court
District of New Jersey
Mitchell H. Cohen Bldg. & U.S. Courthouse
1 John F. Gerry Plaza
Camden, NJ 08101

Re:   *C&A Marketing, Inc. v. GoPro, Inc.*
       Docket No. 15-7854

Dear Magistrate Judge Schneider:

Plaintiff C&A Marketing ("C&A Marketing") requests that the Court confirm that C&A Marketing may serve a rebuttal expert report to criticize a survey expert report that GoPro served on March 31. The parties have met and conferred, but GoPro declined to agree that C&A Marketing could serve such a report.

On March 31, 2017, GoPro served the expert report of Dr. Leon Kaplan. Dr. Kaplan is an expert in survey research and "was engaged to conduct research to assess the incremental contribution of the allegedly-infringing external appearance of the Accused Products on their sales." (Kaplan Report at 1). In order to complete this research, Dr. Kaplan designed and executed a consumer survey experiment for use in this litigation. GoPro had not earlier disclosed its intention to submit a report from Dr. Kaplan or any survey regarding this subject.

The Court's Scheduling Order (Dkt. No. 71) states that parties "with the affirmative burden of proof on an issue" shall serve reports by February 10, 2017, and that responsive expert reports "shall be served by March 31, 2017," but does not contemplate the type of report C&A Marketing proposes—a report not addressing an issue on which C&A Marketing bears the burden of proof, but rather a report addressing solely flaws in a survey that GoPro served for the first time on March 31, 2017.

3315637 v1

Sills Cummis & Gross
A Professional Corporation

The Honorable Joel M. Schneider, U.S.M.J.
April 21, 2017
Page 2

Because the type of report that C&A Marketing proposes to serve is not addressed in the Court's Scheduling Order, C&A Marketing submits that its timing is properly governed by Federal Rule of Civil Procedure 26(a)(2)(D)(ii), which provides that, absent a court order, expert disclosures intended "solely to contradict or rebut evidence on the same subject matter identified by another party" must be served "within 30 days" of the other party's disclosure.

C&A Marketing understands GoPro's position to be that C&A Marketing needed to disclose any expert and serve any expert report either on February 10 or March 31, in accordance with the Scheduling Order.[1]  It is, however, impossible for C&A Marketing to have disclosed on February 10 or March 31 an expert report criticizing a survey that GoPro served on March 31.

Survey research is a highly specialized field.  Problems with Dr. Kaplan's survey are properly addressed by another survey expert.  GoPro should not be permitted to insulate its survey from critique by an expert in the relevant field simply by virtue of the fact that its report was served with "responsive" reports.  C&A Marketing requests that the Court confirm that C&A Marketing has thirty days from the service of Dr. Kaplan's report to critique Dr. Kaplan's survey in a rebuttal report.

Thank you for Your Honor's attention to this matter.

                   Respectfully submitted,

                   s/*Mark S. Olinsky*
                   MARK S. OLINSKY

cc: All counsel of record (*via ECF*)

---

[1] C&A Marketing asked GoPro on April 14 whether GoPro agreed that C&A Marketing may serve a rebuttal to the Leon Kaplan survey report.  C&A Marketing confirmed in a subsequent teleconference that C&A Marketing was not seeking to introduce its own survey, but rather serve a report from a survey expert limited to direct critique of the Kaplan survey.  GoPro indicated on April 20 that it did not agree C&A Marketing could serve such a rebuttal report, and reiterated that position in a teleconference on April 21.

3315637 v1